In the Matter of the Liquidation of NEW YORK TITLE AND MORT-GAGE COMPANY (Series N-74).

Supreme Court, Additional Special Term, New York County, September 23, 1937.

300

*Simpson, Thatcher & Bartlett* [*H. J. McAfee* of counsel], for the trustee, for the motion.

*Sylvester & Harris* [*Sidney Harris* of counsel], for Brentmore Estates, Inc., and Dunham Estates, Inc., certificate holders, opposed.

*Sherman S. Rogers,* for the trustees of Series C-2, opposed.

*William A. Shea,* for the Superintendent of Insurance of the State of New York, opposed.

*Maurice Finkelstein* [*Henry Weiner* of counsel], for the Mortgage Commission of State of New York, opposed.

FRANKENTHALER, J. This is an application to authorize Manufacturers Trust Company, as trustee, " to pay to New York World's Fair 1939, Incorporated, a Registration Fee for the Hotel Cameron in the amount of Five thousand seven hundred Dollars ($5,700)." The hotel is located on West Eighty-sixth street near Central Park West. In answer to the contention that such a payment transcends the powers conferred upon the trustee under the declaration of trust governing this issue, it is urged that the payment is not a contribution of a charitable or similar nature, nor an investment, but rather an operating expense, " a legitimate advertising and promotional expense." The claim is made that registration of the hotel will enable it to receive World's Fair insignia as well as national and international advertising as a recognized World's Fair hotel with resulting benefits from the increased patronage anticipated.

Obviously, however, the payment of the registration fee cannot properly be approved as a legitimate operating expense in the absence of a fairly convincing showing that as a result of such payment the net income of the property will be augmented in an amount exceeding the registration fee. No such showing has been made here. In vigorously opposing the application certificate holders have pointed out that the hotel is almost exclusively a residential apartment hotel and, further, that it is not located in the downtown district which it is generally expected will receive most of the benefits of the fair, at least as far as hotels are concerned.

The trustee itself states that if it " knew at this time that no part of said amount [the registration fee] would be refunded to it,

this application would not be made." It adds that it "believes * * * that a large part, if not all, of the expenditure will be refunded and that the ultimate cost of the advertising and other benefits obtained from the World's Fair will amount to little and perhaps nothing." These beliefs must necessarily, however, be purely speculative and there is no way of estimating at this time whether there is any reasonable probability of their materializing.

In addition to the doubt existing as to whether the benefits to be derived by the hotel from payment of the registration fee will more than offset the amount paid, it is important to bear in mind the poor financial condition of this property. Arrears of taxes as of September 8, 1937, amounted to $43,573, representing taxes for more than one and a half years. The certificate holders have received no interest on their certificates for five years, interest arrears amounting to approximately $125,000. The figures submitted by the trustee reveal that after payment of current taxes there will be available from the estimated net operating profit for the year 1937 only about $250 for payment of interest to certificate holders.

Under these circumstances, the opposition to the present application voiced by certificate holders is, to say the least, quite natural. The Superintendent of Insurance has taken the same position as the certificate holders. The Mortgage Commission, as representative of certificate holders who have not appeared on their own behalf, also asks that this application be denied, stating: "While the World's Fair will undoubtedly be a boon to the city at large and the hotels in particular, it is the position of the Mortgage Commission that the question of expending the funds of any particular certificate series for the purpose of paying a registration fee for the World's Fair, is a matter to be decided upon the facts in each particular case." With this statement the court is in complete accord. Although it feels that every effort should be made by all residents of this city and by all businesses located therein to support and promote the success of the coming World's Fair, it is of the opinion that it is not at liberty to authorize the expenditure for that purpose of funds *belonging to certificate holders* over the strenuous objections of the certificate holders themselves and their authorized representatives. Under all the circumstances here present, the court feels itself constrained to deny this application.

In view of the foregoing, it is unnecessary to consider the question of the power of the trustee to pay a registration fee, raised in opposition to the application. The motion is denied.